MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN (VA Bar No. 28091)
Email: bberman@williamsmullen.com
WILLIAMS MULLEN
Dominion Tower, Suite 1700
999 Waterside Drive
Norfolk, Virginia 23510
Telephone: (757) 629-0604
Facsimile: (757) 629-0660

Attorneys for Defendant
DOLLAR TREE STORES, INC.

FILED
OCT 24 2006

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH FLEMING, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,

Plaintiff,

v.

DOLLAR TREE STORES, INC. and DOES 1 through 50 inclusive,

Defendant.

CASE NO. C 06-03409 MJJ

**PROTECTIVE ORDER**

**COMPLAINT FILED:** March 30, 2006
**TRIAL DATE:** No date set.

Plaintiff Deborah Fleming and Defendant Dollar Tree Stores, Inc. ("Defendant"), by their respective counsel, hereby stipulate and agree as follows:

WHEREAS, the parties to this proceeding anticipate that during the course of the above-captioned litigation, the parties will produce or provide documents and

information which one or more parties contend contain trade secrets or other sensitive, private, confidential or proprietary information; and,

WHEREAS, the parties to this proceeding wish to protect the confidentiality of such documents and information and to ensure that the parties can obtain and pursue discovery with the minimum of delay and expense; THEREFORE,

IT IS HEREBY AGREED, STIPULATED AND ORDERED THAT:

1. In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential Information" under the terms of this Stipulated Protective Order. Neither party shall designate any discovery material as "Confidential Information" without first making a determination that the information is properly subject to protection under Fed. R. Civ. P. 26(c) and that such protection is warranted in good faith. Confidential Information shall not be disclosed except as provided for herein.

2. "Confidential Information" information is that which any party reasonably believes has not lawfully been made public and which concerns or relates to the personnel information, processes, objectives, strategies, plans, advertising, methodologies, procedures, operations, type of work, products, services, sales, purchases, transfers, identification of customers, customer information, bank and payroll related agreements, policies, marketing plans, vendor information, profit margins, product quantities and costs amount or source of income, costs, profits, losses, financial information, business forecasts, or expenditures of any person, firm, partnership, corporation, or other organization or organizational structure, if the disclosure of such information has the effect of causing harm or potential harm to the competitive position or privacy rights of the person, firm, partnership, corporation, or to the organization from which the information was obtained or of third parties, including but not limited to persons transacting business with any of the parties to this action.

3. Documents that are confidential under this Order shall be so designated by writing, typing, stamping or otherwise affixing the legend "Confidential

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

Information" (and such other and further legend as may reasonably be included to specify such confidentiality) on copies of the document. Stamping the legend "Confidential Information" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party. Confidential documents (including deposition transcripts) also may be so designated after production by written communication and reproduction with a "Confidential Information" legend for purposes of substitution of the original documentation, and all parties shall use their best efforts to ensure that no prior disclosure shall be used or re-disclosed contrary to the terms of this Order.

4. The inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality. Any such inadvertently or unintentionally disclosed Confidential Information shall be designated as Confidential Information as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure and the producing party shall provide counsel for the other parties with a duplicate copy bearing the legend "Confidential Information," whereupon the unmarked copies will be returned or destroyed.

5. Portions of transcripts of depositions in which any Confidential Information is quoted, paraphrased, discussed or referred to, or in which the subject matter covered by any Confidential Information is discussed or referred to, shall be subject to the same confidential treatment as provided herein for the underlying Confidential Information and shall be designated as confidential. Requests for such confidential treatment may be made at the deposition or at the latest within twenty (20) days after receipt of a transcript thereof. All transcripts of depositions shall be treated as confidential for at least that 20 day period.

6. Recognizing the legitimate confidentiality needs of the parties, all discovery shall be used only by the parties to this action for purposes of resolution of the claims asserted in this action, any trial and appeal of this action, and enforcement of any

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

award or judgment thereon. Information designated as "Confidential Information" under this Order, and any summaries, copies, abstracts, or other documents derived in whole or in part from information, designated as confidential, shall be used only by the parties to this action, for the purpose of the prosecution, defense or settlement of the claims asserted in this action, any trial and appeal of this action and the enforcement of any award or judgment based on such claims, and for no other purpose.

7. Confidential Information, produced pursuant to this Order may be disclosed or made available only to counsel for a party (including the paralegal, clerical and secretarial staff employed by such counsel), to a trier of fact or law in any forum in which the claims asserted in this action may be adjudicated or enforced and the administrators of that forum, and to "Qualified Persons." A Qualified Person is a person who falls into one of the categories set forth below:

(a) a party, or a current or former officer, director or employee of a party deemed necessary by counsel to aid in the prosecution, defense or settlement of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense or settlement of this action; provided; however, that prior to disclosure of any "Confidential Information" to an expert or consultant, the party that wishes to make the disclosure shall affirm that the expert or consultant has not previously been retained by the non-disclosing party or a competitor of the non-disclosing party. If the expert or consultant has been so retained, the parties shall meet and confer with each other and, if necessary, submit the issue to the Court prior to the disclosure to the expert or consultant of any Confidential Information;

(c) witnesses testifying at deposition or at the hearing of this matter either during their testimony or in preparation therefore; however, if a witness refuses to sign the Nondisclosure Agreement, the parties shall meet and confer with

each other and, if necessary, submit the issue to the Court prior to the disclosure to the witness of any Confidential Information;

(d) any person to whom disclosure is reasonably necessary to enforce any award or judgment rendered against any party in this proceeding; and

(e) any other person ordered by the Court or as to whom all parties in writing agree.

8. Any person or entity to whom Confidential Information is disclosed pursuant to Subparagraphs 7 (a)-(f), above, shall, prior to receiving such Confidential Information, be provided with a copy of this Order and shall execute a Nondisclosure Agreement in the form set forth in Attachment A hereto, such forms to be maintained by counsel for the party sharing Confidential Information and undertaking to have such forms executed.

9. On the request of any party, any person who is not a Qualified Person shall be excluded from any deposition during the period in which Confidential Information is used, referred to or discussed.

10. The parties may further designate certain discovery material, testimony, or other information of an extraordinarily highly confidential and/or propriety nature as "CONFIDENTIAL INFORMATION COUNSEL ONLY" (hereinafter "Counsel-Only Material"), in the manner described above. Such designation shall not be used routinely but rather shall be used only in exceptional cases. Counsel-Only Material, and the information contained therein, shall be disclosed only to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to experts who execute attachment A. If disclosure of Counsel-Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply, except where inconsistent with this paragraph.

11. The restrictions set forth in this Stipulation and Order shall not:

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

(a) apply to any discovery matter which a party can show was lawfully possessed, obtained or developed by it other than through discovery in this action;

(b) apply to any information which lawfully is or lawfully becomes public knowledge, not in violation of this Stipulation and Order;

(c) operate as an admission by the recipient that any of the information contains or reflects confidential information;

(d) prejudice in any way the right of any party or non-party to object on any basis to the production of discovery matter it considers not subject to discovery;

(e) prejudice in any way the right of any party or non-party to seek a determination from the Court as to whether particular information shall be produced;

(f) prevent the parties from entering into a written agreement to alter or waive the provisions or protections provided herein, generally or with respect to any information;

(g) limit in any way the use to which information may be put by the producing party or non-party;

(h) prejudice in any way the right of any party or non-party to seek such additional or other protection as that party may deem appropriate with regard to the confidentiality of the information;

(i) be construed to require any party to produce information that it considers privileged or otherwise not subject to discovery;

(j) be deemed a waiver of any objections a party otherwise would have to any discovery request propounded in this action or a waiver of any third party's claim to right of privacy.

12. This Order shall be without prejudice to the right of any party at any time after information designated Confidential Information to file a motion with the Court,

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

upon not less than ten (10) days notice to all parties: (i) to challenge the designation of any particular document or information as confidential or whether its use should be restricted, provided such party has first made a good-faith attempt to resolve such question with the designating party; or (ii) seek a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. The Order shall not be deemed to prejudice the parties in any way in any future application for modifications of this Order.

13. In order to preserve confidentiality pending any ruling by the Court, the documents or other material at issue shall be filed under seal, which means placing the information in a sealed envelope with an outside label stating "FILED PURSUANT TO STIPULATED PROTECTIVE ORDER—DO NOT OPEN ABSENT FURTHER ORDER FROM THE COURT." The envelope must be labeled to identify the case caption and, if appropriate, the title or description of the documents at issue.

14. The burden of establishing that any information designated as Confidential Information or Counsel-Only Material meets the definition set forth herein shall be on the party which seeks to uphold the designation. Any information or documents designated as Confidential Information which are subject to motion pursuant to the paragraph shall be treated as Confidential Information in accordance with the terms of this Stipulation and Order until such time as the Court rules otherwise.

15. All documents produced in this proceeding shall be used by the party to whom such documents are produced solely for purposes of the investigation and/or resolution of the claims arising in this action, any trial and appeal of this action and the enforcement of any award thereon and for no other purpose.

16. This Order shall survive the final termination of this action and the Court shall retain jurisdiction to enforce, construe or modify its terms. Within thirty (30) days following final disposition of this action, counsel for the parties shall assemble and return to each other all Confidential Information and/or Counsel-Only Material, including all copies of same, or (by mutual agreement only) shall certify the destruction thereof,

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

except Counsel shall be permitted to retain for their respective files (i) copies of all papers and documents filed with the Court and (ii) their work product, such as pleadings, correspondence, and memoranda, which contain or refer to confidential discovery matter, provided that all such confidential discovery matter and work product shall remain subject to this Stipulation and Order.

17. The Court shall maintain jurisdiction to enforce the terms of this Order for 1 year after final disposition of the action.

DATED: October 24, 2006

Respectfully submitted,

Keller Grover LLP

By: [signature]
ERIC GROVER

Attorneys for Plaintiff
DEBORAH FLEMING

DATED: October 24, 2006

Respectfully submitted,

KAUFF McCLAIN & McGUIRE LLP

By: [signature]
ALEX HERNAEZ

Attorneys for Defendant
DOLLAR TREE STORES, INC.

**IT IS SO ORDERED:**

DATED: 10/24/2006

[signature]
HON. MARTIN J. JENKINS

KAUFF, McCLAIN & McGUIRE LLP
ONE POST STREET
SUITE 2800
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111

EXHIBIT A

MAUREEN E. McCLAIN (State Bar No. 062050)
Email: mcclain@kmm.com
ALEX HERNAEZ (State Bar No. 201441)
Email: hernaez@kmm.com
KAUFF McCLAIN & McGUIRE LLP
One Post Street, Suite 2600
San Francisco, California 94104
Telephone: (415) 421-3111
Facsimile: (415) 421-0938

Attorneys for Defendant
DOLLAR TREE STORES, INC.

BETH HIRSCH BERMAN (VA Bar No. 28091)
Email: bberman@williamsmullen.com
WILLIAMS MULLEN
Dominion Tower, Suite 1700
999 Waterside Drive
Norfolk, Virginia 23510
Telephone: (757) 629-0604
Facsimile: (757) 629-0660

Attorneys for Defendant
DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH FLEMING, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,

Plaintiff,

v.

DOLLAR TREE STORES, INC. and DOES 1 through 50 inclusive,

Defendant.

CASE NO. C 06-03409 MJJ

**COMPLAINT FILED:** March 30, 2006
**TRIAL DATE:** No date set.

As a condition to inspecting or otherwise using documents and information produced in the above-captioned action, I certify that I have read the attached Stipulation and Order dated October __, 2006 regarding the handling of documents and information designated as “Confidential” or “Confidential Information Counsel Only” (the “Stipulation

and Order") and hereby agrees to make no use of such documents and/or information except as permitted by the Stipulation and Order, to make no disclosure of such documents and/or information to persons other than those who may have access to it under such Stipulation and Order, to return all originals and all copies of such documents and/or information when required to do so under the Stipulation and Order, and otherwise to be bound by all of the terms and provisions of the Stipulation and Order.

______________________________
Printed name and Address

______________________________
Signature

111901.v4

KAUFF, MCCLAIN & MCGUIRE LLP
ONE POST STREET
SUITE 2600
SAN FRANCISCO, CA 94104
TELEPHONE (415) 421-3111