ERIC A. GROVER (SBN 136080)
JADE BUTMAN (SBN 235920)
ELIZABETH A. ACEVEDO (SBN 227347)
**KELLER GROVER LLP**
425 Second St., Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861
eagrover@kellergrover.com
jbutman@kellergrover.com
eacevedo@kellergrover.com

Attorneys for Plaintiff,
DEBORAH FLEMING and CLASS COUNSEL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH FLEMING, on behalf of herself, the general public, and as an "aggrieved employee" under the California Labor Code Private Attorneys General Act,<br><br>Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. and DOES 1 through 50 inclusive<br><br>Defendants. | Case No.  C 06-03409 SI<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES, CLASS REPRESENTATIVE ENHANCEMENT AND INDIVIDUAL SETTLEMENT**<br><br>Date: April 22, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom 10<br>Judge: Hon. Susan Illston |

This matter having come before the Court on April 22, 2008 for the Final Approval Hearing on the parties' Joint Stipulation of Class Settlement and Release Between Plaintiff and Defendant (the "Stipulation of Settlement" or "Settlement"), due and adequate notice having been given to Class Members as required by the Court's Order Granting Preliminary Approval Of Class Action Settlement ("Preliminary Approval Order") dated October 16, 2007, and the Court having considered all the papers filed and proceedings herein, having received no objections to the Settlement, having determined that the Settlement is fair, adequate and reasonable, and otherwise being fully informed, good cause appearing therefor, it is hereby ORDERED AS FOLLOWS:

1. All terms used herein shall have the same meaning as given them in the Stipulation of Settlement.

2. The Court has jurisdiction over the subject matter of this proceeding and over all Parties to this proceeding, including all Class Members.

3. The Court hereby unconditionally certifies the two Settlement Classes, as set forth in the Stipulation of Settlement, for purposes of this Settlement only.

4. Distribution of the Notice and Claim Form directed to the Class Members as set forth in the Stipulation of Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice provided due and adequate notice of the proceedings and of the matters set forth in the Preliminary Approval Order, including the proposed Settlement as set forth in the Stipulation of Settlement. The Notice provided adequate and appropriate notice to all persons entitled to such Notice, and therefore fully satisfied the requirements of due process. All Class Members and all Released Claims are covered by and included within the Settlement and within Final Approval Order.

5. The Court hereby finds the Settlement was entered into in good faith and further finds that the Settlement is fair, reasonable, and adequate, and that Plaintiff has satisfied

1  the standards and applicable requirements for final approval of this class action Settlement under
2  Federal Rule of Civil Procedure 23.

3        6.      The Court hereby approves the Settlement as set forth in the Stipulation of Settlement and finds that the Settlement is, in all respects, fair, adequate, and reasonable, and directs the parties to effectuate the Settlement according to the terms set forth in the Stipulation of Settlement.  The Court finds that the Settlement has been reached as a result of intensive, serious, and non-collusive arms-length negotiations.  In granting final approval of the Stipulation of Settlement, the Court considered the nature of the claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Settlement Class Members, and the fact that a settlement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.  Additionally, the Court finds that the terms of the Stipulation of Settlement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class Member.  The Court also finds that the two Settlement Classes have been properly certified for settlement purposes only.

      7.      As of the date of this Final Order and the effective date as set forth in the Stipulation of Settlement, each and every released claim of each Class Member who did not timely opt-out is and shall be deemed to be conclusively released as against the Released Parties (as defined in the Stipulation of Settlement).  Except as to such rights or claims that may be created by the Settlement, all Class Members as of the date of this Final Order and the effective date who did not timely opt-out are hereby forever barred and enjoined from prosecuting any of the released claims against any of the Released Parties.

      8.      Neither the Settlement nor any of the terms set forth in the Stipulation of Settlement constitute an admission by Defendant, or any of the other Released Parties, of liability to the plaintiff or any Class Member, nor does this Final Approval Order constitute a finding by the Court of the validity of any of the claims alleged in the Lawsuit, or of any liability of Defendant or any of the other Released Parties.

9.  The Court hereby finds the total settlement amount provided for in the Settlement to be fair, reasonable and adequate.

10. The Court hereby confirms Keller Grover LLP, Thierman Law Firm, Law Offices of Scott A. Miller, A.P.C. and Steven L. Miller, A Professional Law Corporation as Class Counsel.

11. Pursuant to the terms of the Settlement, and the authorities, evidence, and argument set forth in Class Counsels' application, an award of attorneys' fees in the aggregate amount of $750,000.00 (equivalent to 25% of the total settlement value) and for costs and expenses in the aggregate amount of $9,943.46 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted. The Court finds that Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Stipulation of Settlement.

12. The Court also hereby approves as Class Representative and orders payment to Plaintiff Deborah Fleming for her service as a Class Representative, the sum of $5,000.00. The payment of the Class Representative enhancement shall be made in accordance with the terms of the Stipulation of Settlement.

13. The Court also approves the payment to Plaintiff Fleming of $20,000.00 in settlement of her individual claims against Defendant. The payment of this amount shall be made in accordance with the terms of the Stipulation of Settlement.

14. The Court approves the settlement of the California Labor Code section 2699 claims alleged in the Lawsuit and the allocation of $375,000.00 to settle these claims. Of that amount, and in accordance with California Labor Code section 2699(i), 75%, or $281,250.00, shall be paid to the State of California Labor and Workforce Development Agency in accordance with the terms of the Stipulation of Settlement. That portion of the remaining 25%, or $93,750, that is required to effectuate the terms of the Stipulation of Settlement shall be distributed to all

1  Qualified Labor Code Section 2699 Claimants in accordance with the terms of the Stipulation of
2  Settlement.
3    15. The Court also approves the settlement of the California Labor Code
4  Section 212 claims alleged in the Lawsuit and the allocation of up to $1,725,000 to settle these
5  claims. The Court hereby authorizes and directs the Claims Administrator to calculate any
6  payments for the claims of all Qualified Section 212 Claimants in accordance with the terms of
7  the Stipulation of Settlement.
8    16. The Court further approves the payment of up to $115,000.00 to Rosenthal
9  & Co. for the costs of administering the Settlement as set forth in the Stipulation of Settlement.
10 The payment authorized by this paragraph shall be made in accordance with the terms of the
11 Stipulation of Settlement.
12    17. If the Settlement does not become final and effective in accordance with
13 the terms of the Stipulation of Settlement, this Final Approval Order and all orders entered in
14 connection herewith, including the Judgment on this Order, shall be vacated and shall have no
15 further force or effect.
16    18. The Court hereby dismisses the class claims and Plaintiff's individual
17 claims based on Labor Code §§ 212, 2698 *et seq.*, and the Business and Professions Code §17200,
18 *et seq.* claims based on the Labor Code §212 allegations with prejudice. Plaintiff's individual
19 claims made under Labor Code §§ 1197.5, 203, and Business and Professions Code §§ 17200, *et*
20 *seq.* claims related to Plaintiff's equal pay claims are hereby dismissed with prejudice. The class
21 claims alleging unequal pay predicated upon Labor Code §§ 1197.5, 203, and Business and
22 Professions Code §§ 17200, *et seq.* related to the equal pay claims are hereby dismissed without
23 prejudice. Without affecting the finality of the Settlement or the Judgment to be entered hereon,
24 this Court shall retain exclusive and continuing jurisdiction over the Lawsuit and the Parties,
25 including all Class Members, for purposes of enforcing and interpreting the Settlement, this Order
26 and the claims process established therein.
27
28

19. The Court hereby finds that Defendant has complied with the notice requirements set forth in 28 U.S.C. § 1715 and, therefore, the noncompliance rights set forth in 28 U.S.C. § 1715(e) are not applicable. Pursuant to 28 U.S.C. § 1715(d), the effective date of this Order shall be 65 days from today provided no objection has been lodged by any of the attorneys general notified of this class action settlement.

**IT IS SO ORDERED.**

DATED: 4/22/08 , 2008  _____/s/ Susan Illston_____
HONORABLE SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

**Approved as to form:**

Dated: April 1, 2008                    KELLER GROVER LLP

                                        By:  _____/s/_____
                                             ERIC A. GROVER
                                             Attorneys for Plaintiff
                                             DEBORAH FLEMING and CLASS COUNSEL

Dated: April 1, 2008                    KAUFF McCLAIN & McGUIRE LLP

                                        By:  _____/s/_____
                                             MAUREEN E. MCCLAIN
                                             Attorneys for Defendant
                                             DOLLAR TREE STORES, INC.